IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DAVID MCMAHON, STEVEN LITTLEFIELD, AND THE TEXAS DIVISION, SONS OF CONFEDERATE VETERANS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> GREGORY L. FENVES, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF TEXAS AT AUSTIN, <br><br> *Defendant*. | § § § § § § § § § § § § § § § § § Civil Action No. 1:17-CV-00822-LY |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Gregory L. Fenves, in his official capacity as President of The University of Texas at Austin, files this Reply in Support of his Motion to Dismiss Plaintiffs' First Amended Complaint, Application for Injunctive Relief, & Motion for Declaratory Judgment, Doc. 7 ("Compl."), and in support thereof, respectfully shows the following:

### I. OVERVIEW

Plaintiffs have no particularized or legally-protected interest in the selection or location of statues displayed on the campus of The University of Texas at Austin. They are free to express their opinions about what statues mean or where they should be displayed, like any member of the public. But the uniqueness or fervor of their belief does not confer standing to maintain a federal lawsuit about where those statues should stand. Similarly, Plaintiffs' philosophical appreciation for display of the statues on campus does not convert the statutes' location to an exercise of

Plaintiffs' freedom of speech. None of Plaintiffs arguments establish the requisite concrete and particularized injury. Because Plaintiffs lack standing, the Court should dismiss this suit.

## II.   PLAINTIFFS' ALLEGED INJURIES ARE NOT PARTICULARIZED OR CONCRETE.

### A.   Charitable trust cases are inapposite and do not establish particularity.

Plaintiffs rely extensively on decisions holding that beneficiaries of a charitable trust have standing to enforce the terms of that trust "if the class [of beneficiaries] is sharply defined and its members limited in number." *See* Plaintiffs' Response to Defendant's Motion to Dismiss, Doc. 13 ("Resp.") at 6–7. Those cases do not apply.

First, Plaintiffs are not beneficiaries or otherwise legally implicated by the applicable provisions of the Littlefield will and codicil. *See* Exhibit A to Plaintiff's Amended Complaint, Doc. 7.1 at 5, 21. No matter how "sharply defined" or small its membership, the Sons of Confederate Veterans lack standing to police the terms of the Littlefield will. Even Plaintiff Littlefield, as a "collateral descendant" (Resp. at 1–2), lacks any claim to enforce the terms of the will—despite his distant relation to the grantor, he is neither a beneficiary (named or implied), trustee, or executor. In stark contrast to the intervening plaintiff in *Gray*, none of the Plaintiffs are "affected by or having an active interest in the administration of the trust . . ." (to the extent the bequest may be said to have created a trust at all). *Gray v. St. Matthews Cathedral Endowment Fund, Inc.*, 544 S.W.2d 488, 490 (Tex. App.—Texarkana 1976, writ ref'd n.r.e.). In *Gray*, the court looked to "the terms of the instrument creating the trust…to ascertain definite persons or groups as beneficiaries [with] a special or active interest in the trust . . . ." *Id*. Even if the Littlefield bequest is a trust, it is wholly devoid of any terms granting the Plaintiffs a special or active interest in it.

Second, the facts of *Gray* readily distinguish it from this case. In *Gray*, the plaintiff was a parishioner, an elected successor trustee, and contingently liable for "certain debts of the parish." *Id*. at 489, 491. Further, the court found it "important to note" that he did not initiate but merely

sought to intervene in an existing action. *Id.* at 491. *Gray* in no way stands for the proposition that a band of individuals, no matter how readily identifiable, have standing to restrain government action in federal court.

Finally, the acceptance of the Littlefield bequest did not require The University of Texas at Austin to permanently display statues on its mall. The Third Court of Appeals has already explicitly rejected that proposition. *See Bray v. Fenves*, 2016 WL 3083539 (Tex. App.—Texarkana Mar. 24, 2016, pet. denied) at *9–*11 (finding that "there are no binding conditions under the will that can be enforced by Appellants"). While Plaintiffs contend in their response that the Third Court of Appeals unconstitutionally rendered an advisory opinion on this point (presumably preventing an argument that the matter is barred by *res judicata*), the opinion's reasoning is compelling: "there is no express requirement in the Littlefield will that the statues remain on the mall," *id.* at *9 n.14, and the recipients lacked the legal authority to consent to such a condition anyway. *Id.* at *11.

**B.**     **A subjective interest is not a concrete justiciable interest that can confer standing.**

Plaintiffs contend the SCV's "purpose is to protect Confederate-American memorials … for the communication of [a] political viewpoint . . ." and that they have "a dissenting political viewpoint" rendering them "uniquely injured" by the statues' removal. Resp. at 5 and 7. But, as discussed in Defendant's Motion to Dismiss, this perceived stigmatic injury cannot confer standing. Defendant's Motion to Dismiss, Doc. 12, at 4–5.

Further, a would-be plaintiff's subjective interest in a subject matter cannot confer standing, as a 2013 decision from the Third Court of Appeals explicitly concluded. In *Bacon v. Texas Historical Commission*, the plaintiff sued to correct alleged inaccuracies on an historical marker. 411 S.W.3d 161 (Tex. App.—Austin 2013, no pet.). Plaintiff was a graduate of West Point

and a member of the board of directors of an organization known as the West Point Society of Central Texas. *Id.* at 166. Much like the Plaintiffs in this case, Bacon and the 'Society' "devoted considerable efforts to drawing public attention to the life story of [a military veteran] whom they maintain played a critical though often-unsung role in [history]." *Id*. While the relevant "hero," and applicable war, were not the same championed by Plaintiffs, the subjective interest was strikingly similar. Nonetheless, subjective interest does not confer legal standing:

> [W]hile Bacon, like other Society members, emphasizes a deep commitment and sense of duty to defend what he views as the recognition and honor properly owed to a fellow soldier, West Point graduate, and military hero, such subjective interests or concerns, however admirable, are not in themselves considered to rise to the level of a justiciable interest that can confer standing in court.

*Id*. (citing *Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 894 (Tex. App.—Austin 2010, pet. denied)).

C.     **A government entity's display of statues does not equate to private speech.**

Plaintiffs contend relocation of the statues from the mall "ha[s] and will abridge plaintiffs' right to freedom of speech," constituting a concrete injury. Resp. at 3. Plaintiffs do not articulate how a state university's display of a statue constitutes the exercise of *Plaintiffs'* first amendment freedoms, or how The University of Texas at Austin would be "restoring plaintiffs' right to free speech" by returning the statues to the mall. *See* Resp. at 11. Once again, though, the decision in *Bacon* is eerily similar[1]: in that case, Bacon and his steadfast Society contended inaccuracies in an historical marker violated free speech protections. *Bacon*, 411 S.W.3d at 182. The Third Court of Appeals flatly disagreed. *Id*.

---

[1] As noted in Defendant's Motion to Dismiss, *see* Doc. 12 at 6, the First Circuit collected cases rejecting First Amendment claims against government official who chose to remove potentially offensive art works from government institutions. *Newton v. LePage*, 700 F.3d 595, 603 (1st Cir. 2012). Without confronting that reasoning, Plaintiffs reject *Newton* as non-binding authority comparable to offering tofu to Santa Claus. Resp. at 13–14. Surely Plaintiffs would not compare *Bacon* to tofu.

Similarly, the United States Supreme Court has distinguished between "government speech" and individual speech implicating the First Amendment. *See Walker v. Tex. Div., Sons of Confederate Veterans, Inc.*, 135 S. Ct. 2239 (2015) (cited in Defendant's Motion to Dismiss at 6). The First Amendment protects Plaintiffs' right to freely share their opinions, whether or not those opinions are widely held, but it does not confer standing to require The University of Texas at Austin to espouse their viewpoint by locating statues according to Plaintiffs' preferences.

### III. CONCLUSION

Plaintiffs' contentions establish that they are uniquely disappointed by President Fenves's decision to relocate certain statues from the main mall of The University of Texas at Austin. Yet, for all their subjective interest and intense personal feelings about the decision, they lack standing to challenge Defendant's action in court. For the foregoing reasons, Plaintiffs' claims should be dismissed for lack of standing, or alternatively, for failure to state claims upon which relief can be granted.

        Respectfully submitted.

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        BRANTLEY STARR
        Deputy First Assistant Attorney General

        JAMES E. DAVIS
        Deputy Attorney General for Civil Litigation

        ANGELA V. COLMENERO
        Chief, General Litigation Division

        */s/ Carl.*
        H. CARL MYERS
        Texas Bar No. 24046502
        SUSAN M. WATSON
        Texas Bar No. 24061066
        MICHAEL R. ABRAMS
        Texas Bar No. 24087072
        Assistant Attorneys General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 936-1534 | FAX: (512) 320-0667
        carl.myers@oag.texas.gov
        susan.watson@oag.texas.gov
        michael.abrams@oag.texas.gov

        ***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent by electronic notification through ECF by the United States District Court, Western District of Texas, Austin Division, on December 11, 2017, to:

Kirk David Lyons
Attorney at Law
P.O. Box 1235
Black Mountain, North Carolina 28711

*Attorney for Plaintiffs*

            */s/ Carl.*
            H. CARL MYERS
            Assistant Attorney General