IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID MCMAHON, STEVEN LITTLEFIELD, AND THE TEXAS DIVISION, SONS OF CONFEDERATE VETERANS, INC., § § § § | | |
| PLAINTIFFS, § | | |
| V. § | | |
| § | CAUSE NO. 1:17-CV-822-LY | |
| GREGORY L. FENVES, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF TEXAS AT AUSTIN, § § § § | | |
| DEFENDANT. § | | |

## ORDER

Before the court are Plaintiffs' Motion for Leave to Amend Complaint filed July 10, 2018 (Dkt. No. 18), Plaintiffs' Motion to Reconsider Dismissal filed July 10, 2018 (Dkt. No. 19), Defendant's Response in Opposition to Plaintiffs' Motion to Reconsider Dismissal and Plaintiffs' Motion for Leave to Amend Complaint filed July 17, 2018 (Dkt. No. 20), and Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Reconsider Dismissal filed July 22, 2018 (Dkt. No. 21).

On June 25, 2018, this court rendered an order dismissing this cause of action because Plaintiffs David McMahon, Steven Littlefield, and Texas Division, Sons of Confederate Veterans, Inc.[1] lack standing to sue. (Dkt. No. 14). Final judgment was rendered on that same day. (Dkt. No. 15). McMahon now asks this court to reconsider its dismissal of the suit and seeks leave to file an amended complaint.

---

[1] As the interests of Plaintiffs do not diverge, the court will refer to them collectively as "McMahon," unless otherwise noted or as needed for context.

Federal Rule of Civil Procedure 60(b) allows the court to grant relief from an order based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. Motions to alter an order must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Dial One of the Mid-S., Inc. v. BellSouth Telecomms., Inc.*, 401 F.3d 603, 606 (5th Cir. 2005). A motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the court's order. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration of an order is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

McMahon does not identify any basis for seeking reconsideration under the Federal Rules of Civil Procedure. Instead, McMahon seeks reconsideration because he "had been drafting an amended complaint addressing standing and presenting two new [state law] claims." To that end, McMahon also seeks leave to file an amended complaint, which he claims will remedy this court's conclusion on standing.

Having reviewed the motions and applicable law, the court concludes that there has been no showing that the court's order of June 25, 2018 (Dkt. No. 14) included any manifest errors of law or fact; nor has McMahon presented newly discovered evidence. Instead McMahon claims that this court should consider his right to free speech in light of the Supreme Court's recent decision in *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, ___ U.S. ___, 138 S. Ct. 1719 (Jun. 4, 2018). McMahon's reliance on this case is misplaced for several reasons. While the facts of *Masterpiece Cakeshop* implicated questions about a cake artist's free speech rights, the Court's holding was ultimately based on the Free Exercise Clause and not the Free Speech Clause. *See id.* at 1723 ("Whatever the confluence of speech and free exercise principles

might be in some cases, the Colorado Civil Rights Commission's consideration of this case was inconsistent with the State's obligation of religious neutrality."). The Court did not express an opinion on the parties' standing to sue. Perhaps most importantly, McMahon's invocation of *Masterpiece Cakeshop* does nothing to remedy the fundamental defect prompting dismissal of suit in the first instance—McMahon cannot transform a subjective ideological interest in the Confederate cause into a particularized injury sufficient to support standing. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint filed July 10, 2018 (Dkt. No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Reconsider Dismissal filed July 10, 2018 (Dkt. No. 19) is **DENIED**.

SIGNED this _1st_ day of _August_, 2018.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE